MORGAN *et al. v.* WILLIAMS.

As the plaintiff's right to recover necessarily depended upon the va-
    lidity of the alleged homestead; and as the evidence, taken all
    together, showed conclusively that the homestead had never been
    finally allowed and set apart, but that the plaintiff's application
    for the same, while pending in the superior court on appeal from
    the court of ordinary, had been dismissed, the verdict was not
    supported by the evidence, was contrary to law, and ought to have
    been set aside.
    April 8, 1895. By two Justices. Brought forward from the last term.

Complaint for land. Before Judge HENRY. Floyd
superior court. March term, 1894.

W. H. DABNEY and FOUCHÉ & FOUCHÉ, for plaintiffs in
error. DEAN & DEAN, *contra.*

LUMPKIN, Justice.

This was an action for the recovery of land, brought
by Mrs. Orlena Williams against Samuel Morgan and
D. E. Morgan. The plaintiff's right to recover depended
entirely upon whether or not a homestead had been duly
and lawfully set apart for the benefit of herself and her

daughters out of land belonging to her husband. The facts are somewhat complicated, and numerous questions were raised at the trial; but in the view we take of the case, a detailed statement and discussion of the same is unnecessary. It appears that Mrs. Williams applied for a homestead out of her husband's land, and that the same was allowed and set apart by the ordinary over the objections of various creditors, who entered an appeal to the superior court. In that court an order was passed, with the consent of all parties at interest, reciting that the " appealed case from ordinary " was thereby dismissed. The parol evidence introduced without objection on the trial of the present case, taken all together and fairly construed, showed conclusively that the real meaning of this order was, not that the appeal alone was dismissed, the effect of which would have been to affirm the judgment of the ordinary allowing the homestead, but that the entire case was dismissed, and consequently that the homestead application itself went out of court and was never finally allowed.

It was conceded that if the homestead was not valid, there could be no lawful verdict for the plaintiff. It will be seen from the above condensed recital of the facts, that the plaintiff never in fact obtained a valid homestead, the action of the ordinary in primarily allowing it having been practically set aside and annulled by the final order entered in the superior court. It follows that the verdict and judgment in favor of the plaintiff were contrary to law, and ought to have been set aside.

*Judgment reversed.*